Argued December 2, 1963, affirmed January 15, 1964

# WHERRY ET UX v. LACEY ET UX

388 P. 2d 279

*Roger N. Rook,* Milwaukie, argued the cause for appellants. On the briefs were Erlandson & Rook, Milwaukie.

*James M. Burns,* Portland, argued the cause for respondents. On the brief were Benson, Whitely, Mc-Lennan & Burns, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

## PER CURIAM.

This is an action by landlords to recover possession of land from their tenants.

The trial court found that while the written lease under which the tenants had gone into possession had expired, it had been renewed by an oral agreement, and that in reliance upon such agreement, the tenants had made valuable improvements. Upon these facts, the court held that it would be inequitable to oust the tenants. The landlords appeal from a decree in favor of the tenants.

The question upon appeal is whether the trial court properly held that the landlords had waived a provision of the written lease which required written notice of an exercise of an option to renew.

When the proof, under a proper pleading, establishes facts sufficient to move a court of equity to grant relief, a landlord may be held to have waived a written notice of renewal. See cases collected in Annotation, 51 ALR2d 1404, 1417 (1957). The requirement of written notice is for the benefit of the landlord and he may waive it. See *Perrigo et al. v. Boehm et al.,* 194 Or 507, 517, 242 P2d 791 (1952) (oral waiver of restriction against assignment).

There was abundant evidence to prove that the parties had made an oral agreement to renew the lease; that they did business under the oral agreement for some five years; and that the tenants, in reliance upon the renewal, made valuable improvements and

subleases with the landlords' knowledge. Nothing in the record moves this court to make other findings. The requirement that notice of renewal be in writing was waived.

Affirmed.